**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SWIRLIE WHIRLIE, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN H. KAPPUS CO. t/d/b/a KAPPUS )<br>COMPANY; CARRIER COMMERCIAL )<br>REFRIGERATION, INC., t/d/b/a TAYLOR, )<br>)<br>Defendants. ) | No. 2:17-cv-00936-MRH |

## MOTION TO COMPEL

Defendant, Carrier Commercial Refrigeration, Inc., by and through its undersigned counsel, hereby moves pursuant Fed.R.Civ.P. 37 for the entry of an Order compelling the Plaintiff to provide disclosure and discovery responses and, in support thereof, avers as follows:

1. Plaintiff, Swirlie Whirlie, LLC, contends that Defendant, Carrier Commercial Refrigeration, Inc., should be liable for breach of warranty due to malfunctions of beater motors in four Taylor Freezers which the Plaintiff purchased from Defendant, John H. Kappus Co., for use in the Plaintiff's frozen yogurt business. The Plaintiff contends that the malfunctioning beater motors destroyed its business. The defenses asserted by Defendant, Carrier Commercial Refrigeration, Inc., include that the alleged problems with the beater motors occurred outside of the covered warranty period and that the Plaintiff's claimed damages are excluded by the terms of the applicable express warranty.

2. Pursuant to the Initial Case Management Order entered by the Court, (ECF Doc. 61), the parties were to provide initial disclosures pursuant to Fed.R.Civ.P. 26(a) on or before April 18, 2018.

3. On April 24, 2018, Plaintiff provided its initial disclosure, a copy of which has been submitted as Exhibit 1. Plaintiff identified a number of documents and described the type or nature of damages it was seeking in this lawsuit. However, Plaintiff did not produce copies of the identified documents and did not provide a computation of each category of damages claimed by the Plaintiff as required by Fed.R.Civ.P. 26(1)(A)(iii).

1

4. On May 1, 2018, Defendant, Carrier Commercial Refrigeration, Inc., served Interrogatories to Plaintiff and Request for Production of Documents and Things to Plaintiff. Copies of these discovery requests are collectively submitted as Exhibit 2. The interrogatories ask the Plaintiff among other things to identify and provide information regarding the "component switch" referenced in paragraphs 80 and 132 of the Plaintiff's Second Amended Complaint that the Plaintiff contends "over time would cause the beater motors to malfunction and not operate properly"; to advise when it advise Kappus that it was experiencing problems with the beater motors or components switch prior to March 1, 2014; and to provide an itemization of the Plaintiff's claim damages. The Request for Production Documents request among other things that the Plaintiff produce all documents identified or referenced in the Plaintiff's initial disclosure; produce documents showing or suggesting the dates on which the Plaintiff experienced problems with the beater motors; and all documents supporting the Plaintiff's claimed damages.

5. The Plaintiff did not provide responses to these discovery requests within 30 days of service. On June 7, 2018, counsel for Defendant, Carrier Commercial Refrigeration, Inc., sent an email to Plaintiff's counsel requesting responses to the outstanding discovery requests. Plaintiff's counsel responded, "I will have everything to you both by the end of next week." On June 18, 2018, Plaintiff's counsel sent an e-mail advising. "I will be providing documents on a USB drive to each of you, along with the responses to discovery requests at the latest by Thursday." See copies of e-mails collectively submitted as Exhibit 3.

6. By letter dated June 20, 2018, Plaintiff's counsel produced a USB flash drive purportedly containing the documents the Plaintiff identified in its initial disclosure plus financial/accounting and tax documents from 2012 through 2017.[1] Plaintiff then produced additional documents, photos and videos electronically via Dropbox. The email providing the shared DropBox file was sent on June 22, 2018. However, Plaintiff still has not provided answers to the interrogatories or a written response to the request for production of documents.

7. Further, Defendant, Carrier Commercial Refrigeration, Inc., has been unable to locate between the exhibits attached to the Plaintiffs' Second Amended Complaint and the

---

[1] Counsel for Defendant, Carrier Commercial Refrigeration, Inc., received the June 20, 2018 letter and enclosed USB flash drive on June 25, 2018. As the USB flash drive was enclosed in a regular envelope without any type of protection, the envelope containing the flash drive was damaged during shipment and the U.S. Post Office requested additional postage before it would be delivered. Fortunately, the flash drive was not damaged.

2

documents the Plaintiff has produced the following documents identified in the Plaintiff's Initial Disclosure (Carrier is using the numerical references set forth in the Plaintiff's Initial Disclosure):

    2.    The Kappus Company Installation Checklist for Your New Taylor Model

    11.    August 5, 2016 email from John Zalenka to B. Goettler

    14.    All Kappus employees/agents identified in Service History for Site: 323806

8. On May 9, 2018, Defendant, John H. Kappus Co., served First Set of Interrogatories Directed to Plaintiff and First Request for Production of Documents Directed to Plaintiff. The Plaintiff has not responded to these discovery requests either. Kappus has requested information in its written discovery requests that Defendant, Carrier Commercial Refrigeration, Inc., believes is relevant to its evaluation of this case.

9. The parties have agreed to mediate this case on July 12, 2018. See Stipulation Selecting ADR Process (ECF Doc. 63). Counsel for Defendant, Carrier Commercial Refrigeration, Inc., made it abundantly clear to Plaintiff's counsel when the scheduling of mediation was discussed that Defendant, Carrier Commercial Refrigeration, Inc., would need discovery responses and then the opportunity to depose a knowledgeable corporate designee of the Plaintiff before Carrier's counsel would be in a position to properly evaluate this case potentially meaningfully participate in a mediation.

10. In light of the Plaintiff's failure to provide written discovery response, disclose its total claimed damages and provide an itemization of these claimed damages, Defendant, Carrier Commercial Refrigeration, Inc., has been prejudiced and likely will not be in a position to meaningfully mediate the case on July 12, 2018. Even if the Plaintiff provides full and complete discovery responses within the next few days, counsel for Carrier it is doubtful that a deposition of a knowledgeable corporate representative can be scheduled and completed prior to the July 12, 2018 mediation.

11. Defendant, Carrier Commercial Refrigeration, Inc., reserves the right to request that the mediation be postponed and rescheduled for a later date in the event that the necessary discovery cannot be completed prior to July 12, 2018.

WHEREFORE, Defendant, Carrier Commercial Refrigeration, Inc., respectfully requests that this Court enter an Order compelling the Plaintiff to provide within five (5) days full and complete responses to the outstanding interrogatories and requests for production of documents; produce document Nos. 2, 11 and 14 referenced in the Plaintiff's Initial Disclosure; and to provide a computation of each category of the Plaintiff's claimed damages.

## CERTIFICATION

I, Edward A. Miller, Esquire, that I have conferred with Plaintiff's counsel and attempt to obtain responses to the outstanding discovery in an effort to obtain it without court action by sending an email (Exhibit 3) to Plaintiff's counsel stressing the need for responses to the outstanding discovery requests.

**STEPTOE & JOHNSON PLLC**

By: /s/ *Edward A. Miller*
    Edward A. Miller, Esquire
    PA ID No. 58954

11 Grandview Circle, Suite 200
Canonsburg, PA 15317
(724) 749-3115
FAX (724-749-3143
Edward.Miller@steptoe-johnson.com

Counsel for Defendant,
Carrier Commercial Refrigeration, Inc.

## **CERTIFICATE OF SERVICE**

I, Edward A. Miller, Esquire, do hereby certify that a true and correct copies of the foregoing Motion to Compel will be automatically provided to all known counsel of record identify below as they are registered ECF users.

James T. Tallman, Esquire
Elliott & Davis, PC
425 First Avenue, First Floor
Pittsburgh, PA  15219
jtallman@elliott-davis.com
(Counsel for Plaintiff, Swirlie Whirlie, LLC)

Donald J. McCormick, Esquire
Dell, Moser, Lane & Loughney, LLC
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
djm@dellmoser.com
(Counsel for Defendant, John H. Kappus Co.)

**STEPTOE & JOHNSON PLLC**

By: /s/ *Edward A. Miller*
     Edward A. Miller, Esquire
     PA ID No. 58954

11 Grandview Circle, Suite 200
Canonsburg, PA 15317
(724) 749-3115
FAX (724-749-3143
Edward.Miller@steptoe-johnson.com

Counsel for Defendant,
Carrier Commercial Refrigeration, Inc.